UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., an Irish corporation, Plaintiff, v. LG DISPLAY CO., LTD., a Korean corporation; LG ELECTRONICS, INC., a Korean corporation; and SONY CORPORATION, a Japanese corporation, Defendants. | CASE NO. 6:19-CV-00236-ADA JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
SONY CORPORATION TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Sony Corporation ("Sony") answers each paragraph of the Second Amended Complaint of Solas OLED Ltd. ("Solas" or "Plaintiff"), alleging infringement of U.S. Patent Nos. 7,432,891, 7,573,068, and 7,907,137 (collectively, the "Patents-in-Suit"), and provides its answer and affirmative defenses as follows:

**ANSWER**

1. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 including the preceding heading, and, on that basis, denies them.

2. Sony admits that a copy of a document purporting to be U.S. Patent No. 7,432,891 (the "'891 patent") is attached to the Second Amended Complaint. Sony admits that a copy of a document purporting to be U.S. Patent No. 7,573,068 (the "'068 patent") is attached to the Second Amended Complaint. Sony admits that a copy of a document purporting to be U.S. Patent No. 7,907,137 (the "'137 patent") is attached to the Second Amended Complaint. Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2, and, on that basis, denies them.

3. Sony admits that Sony is a corporation organized under the laws of Japan. Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 including the preceding heading, and, on that basis, denies them.

4. Sony admits that Plaintiff purports to identify general categories of accused products in paragraph 4. Except as expressly admitted, Sony denies the remaining allegations, if any, contained in paragraph 4.

5. Sony admits that it designs, produces, and sells products incorporating LG Display OLED display panels. Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5, and, on that basis, denies them.

6. Sony admits that this Court has subject matter jurisdiction over Plaintiff's claims made pursuant to 35 U.S.C. §§ 271 and 281, *et seq*. Sony denies that it has committed or is committing any act of patent infringement within this or any other District. Except as expressly admitted, Sony denies the remaining allegations, if any, contained in paragraph 6 including the preceding heading.

7. For purposes of this action only, Sony will not dispute personal jurisdiction of this Court. Sony denies that it has committed or is committing any act of patent infringement within this or any other District. Except as expressly admitted, Sony denies the remaining allegations, if any, contained in paragraph 7.

8. Sony admits that it designs, produces, and sells products incorporating LG Display OLED display panels. Sony is without knowledge or information sufficient to form a belief as to products designed, sold or produced by LG Electronics, and denies any allegations regarding them on that basis. Except as expressly admitted, Sony denies the remaining allegations contained in paragraph 8.

9. Sony admits that it is a Japanese corporation. For purposes of this action only, Sony will not dispute whether venue is proper in this Court under 28 U.S.C. § 1391(c)(3). No response is otherwise required to paragraph 9. To the extent that the Court deems a response necessary, Sony denies the allegations, if any, contained in paragraph 9.

10. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 including the preceding heading, and, on that basis, denies them.

11. Sony is without knowledge or information regarding the origin of the purported "image and circuit diagram" in paragraph 11 and, at least on that basis, denies that the purported "image and circuit diagram" is an accurate representation of the accused products. Except as expressly admitted, Sony denies the remaining allegations contained in paragraph 11.

12. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and, on that basis, denies them.

13. No response is required to paragraph 13 including its preceding heading. To the extent that the Court deems a response necessary, Sony incorporates by reference its responses to paragraphs 1 through 12 of the Second Amended Complaint as set forth above.

14. Sony admits the allegations contained in paragraph 14.

15. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and, on that basis, denies them.

16. Denied.

17. Sony denies that the Sony Bravia 55A1 OLED Television infringes any claim of the '891 patent. Sony is without knowledge or information sufficient to form a belief as to any allegations regarding the LG OLED55B7A OLED Television and, on that basis, denies them. Sony denies the remaining allegations contained in paragraph 17.

18. Denied.

19. Sony admits that the '891 patent purports to claim priority to foreign application DE10254511. Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19, and, on that basis, denies them.

20. Sony admits that KR100768047B1 is a Korean patent titled "OLED display apparatus and drive method thereof" that cites DE10254511B4 and identifies "LG.PHILIPS LCD CO., LTD" as the applicant and a filing date of November 30, 2005. Sony admits that KR101200884B1 is a Korean patent titled "Light emitting diode and light emitting display device and method for driving the same" that cites KR100580956B1 and identifies "LG DISPLAY CO.,

LTD." as the applicant and a filing date of June 14, 2006. Sony admits that KR101390316B1 is a Korean patent titled "AMOLED and driving method thereof" that cites KR20040045352A and identifies "LG DISPLAY CO., LTD" as the applicant and a filing date of October 30, 2007. Sony admits that KR101597037B1 is a Korean patent titled "Organic light emitting display for compensating electrical characteristics deviation of driving element" that cites DE10254511B4 and identifies "LG Display Co., Ltd." as the applicant and a filing date of June 26, 2014. Except as expressly admitted, Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and, on that basis, denies them.

21. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and, on that basis, denies them.

22. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and, on that basis, denies them.

23. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and, on that basis, denies them.

24. Sony admits that JP5278119B2 is a Japanese Patent titled "Method of driving a display device" that cites DE10254511A and identifies "SONY CORP" as the applicant and a filing date of April 2, 2009. Sony admits that it has prepared and prosecuted patent applications. Sony denies that the '891 patent is relevant to the products designed by Sony. Except as expressly admitted, Sony denies the remaining allegations contained in paragraph 24.

25. Denied.

26. Denied.

27. Sony admits that LG Display supplies OLED display panels that are incorporated in the Sony Bravia 55A1 OLED Television. Except as expressly admitted, Sony denies the remaining allegations contained in paragraph 27.

28. Denied.

29. Denied.

30. No response is required to paragraph 30 including the preceding heading. To the extent that the Court deems a response necessary, Sony incorporates by reference its responses to

paragraphs 1 through 29 of the Second Amended Complaint as set forth above.

31. Sony admits the allegations contained in paragraph 31.

32. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and, on that basis, denies them

33. Denied.

34. Sony denies that the Sony Bravia 55A1 OLED Television, Sony Trimaster EL PVM-A250 OLED Monitor or the Sony Electronic Viewfinder FDA-EV1MK infringe any claim of the '068 patent. Sony is without knowledge or information sufficient to form a belief as to any allegations regarding the LG OLED55B7A OLED Television and, on that basis, denies them. Sony denies the remaining allegations contained in paragraph 34.

35. Denied.

36. Sony admits that US10,103,212B2 is a United States Patent titled "Display device, method of manufacturing the same, and electronic apparatus" that cites US2006/0098521A1 and identifies "Sony Corporation" as the applicant and a filing date of July 16, 2014. Sony admits that it has prepared and prosecuted patent applications. Sony denies that the '068 patent is relevant to the products designed by Sony. Except as expressly admitted, Sony denies the remaining allegations, if any, contained in paragraph 36.

37. Denied.

38. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and, on that basis, denies them.

39. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and, on that basis, denies them.

40. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and, on that basis, denies them.

41. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and, on that basis, denies them.

42. Denied.

43. Sony admits that LG Display supplies OLED display panels that are incorporated

in the Sony Bravia 55A1 OLED Television. Except as expressly admitted, Sony denies the remaining allegations contained in paragraph 43.

44. Denied.

45. Denied.

46. No response is required to paragraph 46 including the preceding heading. To the extent that the Court deems a response necessary, Sony incorporates by reference its responses to paragraphs 1 through 45 of the Second Amended Complaint as set forth above.

47. Sony admits the allegations contained in paragraph 47.

48. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and, on that basis, denies them.

49. Denied.

50. Sony denies that the Sony Bravia 55A1 OLED Television infringes any claim of the '137 patent. Sony is without knowledge or information sufficient to form a belief as to any allegations regarding the LG OLED55B7A OLED Television and, on that basis, denies them. Sony denies the remaining allegations contained in paragraph 50.

51. Denied.

52. Sony admits that US10,062,327 is a United States Patent titled "Data driver and organic light emitting display panel, display device, and driving method for sensing and compensating a mobility of the driving transistor" that cites US2006/0221015A1 and identifies "LG Display Co. Ltd." as the applicant and a filing date of May 27, 2016. Sony denies the remaining allegations of paragraph 52.

53. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and, on that basis, denies them.

54. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and, on that basis, denies them.

55. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55, and, on that basis, denies them.

56. Sony admits that US8345027B2 is a United States Patent titled "Image display device and driving method of image display device" that cites US2006/0221015A1 and identifies "Sony Corporation" as the assignee and a filing date of March 4, 2009. Sony admits that it has prepared and prosecuted patent applications. Sony denies that the '137 patent is relevant to the products designed by Sony. Except as expressly admitted, Sony denies the remaining allegations, if any, contained in paragraph 56.

57. Denied.

58. Denied.

59. Sony admits that LG Display supplies OLED display panels that are incorporated in the Sony Bravia 55A1 OLED Television. Except as expressly admitted, Sony denies the remaining allegations contained in paragraph 59.

60. Denied.

61. Denied.

62. No response is required to paragraph 62 including the preceding heading. To the extent that the Court deems a response necessary, Sony incorporates by reference its responses to paragraphs 1 through 61 of the Second Amended Complaint as set forth above.

63. Sony denies that Solas is entitled to any relief because none of the asserted patents are valid, enforceable, or infringed.

64. No response is required to paragraph 64 including the preceding heading. To the extent that the Court deems a response necessary, Sony incorporates by reference its responses to paragraphs 1 through 63 of the Second Amended Complaint as set forth above.

65. Sony denies that Solas is entitled to any injunctive relief because none of the asserted patents are valid, enforceable, or infringed.

66. No response is required to paragraph 66 including the preceding heading. To the extent that the Court deems a response necessary, Sony incorporates by reference its responses to paragraphs 1 through 65 of the Second Amended Complaint as set forth above.

67. Sony denies that Solas is entitled to any relief because none of the asserted patents are valid, enforceable, or infringed.

68. No response is required to paragraph 68 including the preceding heading. To the extent that the Court deems a response necessary, Sony incorporates by reference its responses to paragraphs 1 through 67 of the Second Amended Complaint as set forth above.

69. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69, and, on that basis, denies them.

70. Sony also demands a trial by jury on all issues so triable.

71. Except as expressly admitted above, Sony denies each and every allegation in Solas' Second Amended Complaint for Patent Infringement. In addition, Sony denies any allegation that may be implied or inferred from the headings in the Second Amended Complaint.

72. Sony denies that Solas is entitled to any relief in this action.

## DEFENSES

Sony asserts the following additional defenses without assuming the burden of proof on any issue that Sony would not have otherwise, including without admitting or acknowledging that it bears the burden of proof as to any of them. Sony incorporates the admissions and denials in paragraphs 1 through 72, above.

### FIRST DEFENSE

73. Sony does not infringe, and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the Patents-in-Suit.

### SECOND DEFENSE

74. Each claim of the Patents-in-Suit is invalid for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE

75. Solas' claims are barred in whole or in part by the doctrine of disclaimer.

### FOURTH DEFENSE

76. Solas' claims are barred in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH DEFENSE

77. Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiff has failed to show, and cannot show, that Sony has intentionally, willfully, or deliberately infringed any valid and enforceable claim of the Patents-in-Suit.

## SIXTH DEFENSE

78. Solas' claim for damages is barred, in whole or in part, by 35 U.S.C. § 286.

## SEVENTH DEFENSE

79. Solas' request for a permanent injunction is barred in whole or in part by the doctrine of laches.

## EIGHTH DEFENSE

80. Solas' claims are barred in whole or in part by a failure of the owner and/or licensee of the Patents-in-Suit to mark relevant products as required by 35 U.S.C. § 287.

## NINTH DEFENSE

81. To the extent that Solas' claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

## OTHER DEFENSES RESERVED

82. Sony hereby reserves the right to assert additional defenses if such defenses are discovered during litigation.

## REQUEST FOR RELIEF

83. Sony respectfully requests the following relief:

   A. That Solas take nothing on its Complaint;

   B. That the Court dismiss each and every claim related to Sony in Solas' Complaint with prejudice;

   C. That the Court determine that the claims of the '891 patent, '068 patent, and the '137 patent are invalid and not infringed;

   D. That the Court limit or bar Solas' ability to enforce the '891 patent in equity;

   E. That the Court limit or bar Solas' ability to enforce the '068 patent in equity

F. That the Court limit or bar Solas' ability to enforce the '137 patent in equity;

G. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award to Sony its reasonable costs and expenses of litigation, including attorneys' fees, expert witness fees, and other expenses incurred in connection with this action;

H. That the Court grant Sony pre-judgment and post-judgment interest on all amount awarded; and

I. That the Court award Sony any other and further relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

84. Sony demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Tel: 903.255.1000
Fax: 903.255.0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Douglas E. Lumish
California State Bar No. 183863
Email: doug.lumish@lw.com
Gabriel S. Gross
California State Bar No. 254672
Email: gabe.gross@lw.com
Andrew Max Goldberg
California State Bar No. 307254
Email: drew.goldberg@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Tel: 650.328.4600
Fax: 650.463.2600

Joseph H. Lee
California State Bar No. 248046
Email: joseph.lee@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: 714.540.1235
Fax: 714.755.8290

Blake R. Davis
California State Bar No. 294360
Email: blake.davis@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Tel: 415.391.0600
Fax: 415.395.8095

**ATTORNEYS FOR DEFENDANTS LG DISPLAY CO., LTD.; LG ELECTRONICS, INC.; and SONY CORPORATION**

Gregory S. Gewirtz (*pro hac vice* pending)
Jonathan A. David (*pro hac vice* pending)
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
20 Commerce Drive
Cranford, NJ 07016
Tel: 908.654.5000
Fax: 908.654.7866
Email: ggewirtz@lernerdavid.com
          jdavid@lernerdavid.com

**ATTORNEYS FOR DEFENDANT SONY CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 28th day of October, 2019, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Jennifer H. Doan*
Jennifer H. Doan