IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., an Irish corporation, <br><br> Plaintiff, <br><br> v. <br><br> LG DISPLAY CO., LTD., a Korean corporation; LG ELECTRONICS, INC., a Korean corporation; and SONY CORPORATION, a Japanese corporation, <br><br> Defendants. | CASE NO.  6:19-CV-00236-ADA <br><br> JURY TRIAL DEMANDED |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff Solas OLED Ltd. ("Plaintiff" or "Solas") and Defendants LG Display Co., Ltd. ("LG Display"), LG Electronics, Inc. ("LG Electronics"), and Sony Corporation ("Sony") (collectively, "Defendants"), hereafter referred to as the "Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties or is otherwise required to be disclosed or exchanged in the course of this action, involves trade secrets, confidential business information, or other proprietary information of the Parties or persons who are not Parties to this Action ("Third Parties");

WHEREAS dissemination and disclosure of such information could severely injure or damage the Party or Third Party disclosing or producing the information and could place the Party or Third Party at a competitive disadvantage;

WHEREAS, the Parties request the entry of a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

– 1 –

1. Each Party may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED –LIMITED ACCESS MATERIAL," in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Such Protected Material includes, but is not limited to, non-public, sensitive, trade secret, marketing, customer, financial, research, product-development, regulatory, manufacturing/distribution or other information protectable under Federal Rule of Civil Procedure 26(c)(1)(G). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL." The words "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL."

2. Any document produced under the "interim Protective Order" (*see* Order Governing Proceedings, Dkt. No. 50 (11/8/2019) at 3), before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive

the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party or Third Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party or Third Party becomes aware of the inadvertent or unintentional disclosure, and

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL," both individually and collectively.

providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. A Party or Third Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 16 herein:

   (a) outside counsel of record in this Action for the Parties;

   (b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

   (d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

   (e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for any purposes other than this Action; and (2) before access is given, the party seeking to disclose Protected Material to the consultant or expert first must provide to all attorneys of record a written notice that (a) attaches the proposed recipient's completed Undertaking attached as Exhibit A hereto; (b) sets forth the full name of the proposed recipient and the city and state of his or her primary residence; (c) attaches a copy of the proposed recipient's current resume; (d) identifies the

        proposed recipient's current employer(s); and (5) identifies (by name and number of the case, filing date, and location of court, if known) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or at trial, or was retained (unless the consultant or expert is bound by a confidentiality provision not to disclose) during the preceding four years. Written notice must be provided at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. Unless counsel for the party that produced the Protected Material notifies the proposing attorney in writing of an objection to the proposed expert or consultant within ten (10) days of receipt of the written notice, such expert or consultant shall be deemed qualified to receive Protected Material. In the event of an objection, the Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

    (f)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

    (g)    the Court and its personnel, under seal as provided in the Protective Order.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further

limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY." Subject to the foregoing, such "RESTRICTED – ATTORNEYS' EYES ONLY" information may include without limitation: trade secrets; technical information; technical practices, methods, or other know-how; pending but unpublished patent applications; board materials; pricing data; financial data; sales information; customer-confidential information; agreements or relationships with third parties; market projections or forecasts; strategic business plans, selling or marketing strategies; new product development; testing; manufacturing costs; or information regarding employees.

9. Furthermore, to the extent such Protected Material includes computer source code, graphic database systems (GDS) layout files, and/or live data (that is, data as it exists residing in a database or databases) ("Limited Access Material"), the producing Party may designate such Protected Material as "RESTRICTED – LIMITED ACCESS MATERIAL." Subject to the foregoing, such "RESTRICTED – LIMITED ACCESS MATERIAL" information may include without limitation: code, scripts, assembly, binaries, firmware, object code, source code, source code or object code listings, Hardware Description Language (HDL) or Register Transfer Level (RTL) files, files containing source code in C, C++, Java, assembler, VHDL, Verilog, and other similar programming languages, "make" and "build" files, link files, scripts, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or digital signal processor (DSP), any human-readable programming language text that defines software, firmware, or electronic hardware descriptions,  any net lists, chip layout files, any native electronic graphic database systems (GDS) layout files,  any schematics or representations of any photolithography masks, any schematics containing specific gate-level circuit design representations, and generally any chip-level schematics (i.e., symbolic

representations of analog electric or electronic circuits from which the physical structure of a chip is directly derived) which are maintained confidentially by the producing Party.

10. For Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a-b) and (e-g).

11. For Protected Material designated "RESTRICTED – LIMITED ACCESS MATERIAL," the following additional restrictions apply:

    (a) Access to a Party's Limited Access Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11 (i) below. Except as provided in paragraph 11(m) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

    (b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Limited Access Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

    (c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Limited Access Material on the stand-alone computer(s). The stand-alone computer(s) shall be reasonably configured to permit the receiving Party to review the Limited Access Material. The stand-alone computer(s) shall have tools installed sufficient to review and search the Limited Access Material as requested by the receiving Party and approved by the producing Party. In the event the receiving Party requests commercially available software tools for viewing and searching Limited Access Material to be installed on the stand-alone computer(s), the receiving Party must identify those tools and provide the producing Party with licensed copies of the software tools, at the receiving Party's expense, at least seven (7) calendar days in advance of a scheduled inspection. Within the seven-day period, a producing Party may object in writing to the installation of any software

        tool, explaining why the tool should not be installed on the stand-alone computer(s). The producing Party and receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the stand-alone computers or the limited access review room;

(d)     The producing Party will produce Limited Access Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated "RESTRICTED – LIMITED ACCESS MATERIAL" shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 6(e) above.

(f)     A receiving Party may include excerpts of Limited Access Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Limited Access Material is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(g)     To the extent any portion of Limited Access Material is quoted in a document, either (1) the entire document, including the pages containing Limited Access Material, will be stamped and treated as "RESTRICTED – LIMITED ACCESS MATERIAL" or (2) those pages containing quoted Limited Access Material will be separately stamped and treated as "RESTRICTED – LIMITED ACCESS MATERIAL";

(h)     No electronic copies of Limited Access Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(i)     The receiving Party may request that the producing Party print portions of the Limited Access Material only when reasonably necessary to prepare for depositions, to depose a witness, or to participate in hearings or other court proceedings or to facilitate the receiving Party's preparation of court filings, expert reports, and related drafts and correspondences ("permitted purpose"), and shall request to be printed only such portions as are relevant for such permitted purpose. The receiving Party shall not request Limited Access Material to be printed in order to review portions of the Limited Access Material elsewhere in the first instance,

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

           i.e., as an alternative to reviewing that Limited Access Material electronically on the stand-alone computers, or request portions of Limited Access Materials to be printed that would allow for the full Limited Access Material to be recreated elsewhere, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by providing printed portions of Limited Access Material for review and analysis elsewhere, and that providing printed portions of Limited Access Material is permitted solely to enable use of Limited Access Materials in filings, proceedings, expert reports and depositions.  The receiving Party shall promptly destroy any printed excerpts that are determined not to be relevant to any claim or defense of any party. The producing Party shall, subject to the terms of this Order, produce printed copies of requested Limited Access Material with a unique Bates number and the label "RESTRICTED – LIMITED ACCESS MATERIAL."  While there is no per se limit regarding the number of printed pages that may or may not be reasonably necessary, if the receiving Party requests more than twenty-five (25) pages from any one document designated as Limited Access Material or five hundred (500) pages of Limited Access Material in aggregate, the burden of establishing the need for such printouts shall rest with the receiving Party.  The producing Party and receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the need for such printouts, and if no resolution can be reached, the receiving Party shall be entitled to seek a court resolution permitting additional print requests.

(j)      The receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Limited Access Material received from a producing party under paragraph 11(i), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Limited Access material received from a producing party that are delivered by the receiving party to any qualified person under paragraph 6(e) above. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) days' advance notice to the receiving party by the designating party, the receiving party shall provide a copy of this log to the designating party.

(k)      If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Limited Access Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Limited Access Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Limited Access Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(l)      A producing Party's Limited Access Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above on paper via hand carry, Federal Express or other similarly reliable courier. Limited Access Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

(m)      When reasonably necessary for the purpose of Court proceeding(s) or deposition(s), the producing Party will provide a stand-alone computer with the relevant Limited Access Material for use by the receiving Party during the Court proceeding(s) or deposition(s);

(n)      The producing Party may require that all individuals, upon each entry or exit of the limited access review room by that individual, sign a log, provided by the producing Party, indicating the name of that individual, whether the individual entered or exited the limited access review room, and the date and time of such entry or exit. The producing Party shall be entitled to have a person monitor all entrances and exits from the limited access review room.  The producing Party shall also be entitled to visually monitor, in a non-intrusive fashion and at reasonable intervals, the receiving Party's activities in the limited access review room from outside such room, through a glass wall or window.  But the producing Party shall not hear the receiving Party or see the contents of the receiving Party's notes or the display of the standalone computer and may not use a video camera or other recording device to monitor the limited access review room or the activities of the receiving Party, nor may the producing Party physically enter the limited access review room when the receiving Party is present without the receiving party's consent.  The producing Party shall not monitor the review conducted by the receiving Party through analyzing the electronic access record on the stand-alone computer (e.g., command histories, recent file lists, file access dates, undo histories, and etc.) or otherwise, all of which the producing Party acknowledges constitutes the receiving Party's work product and shall not be used for any purpose or admitted into evidence in this or any other proceeding.  The foregoing is not intended to restrict in any way the producing Party's ability or right to otherwise ensure, for example, that the Limited Access Material remains secure, that the stand-alone computer has not been tampered with, and that the provisions of this Order have not been violated.

(o)      No recording devices, cell phones, cameras, peripheral equipment, laptops, drives, CDs, DVDs, memory, sound recorders, or recordable media will be permitted inside the limited access review room.  The receiving Party's outside counsel of record or experts shall be entitled to take notes relating to the Limited Access Material but may not copy the Limited Access Material into the notes; notwithstanding the foregoing, the receiving Party's outside counsel of record or experts are permitted to make or maintain electronic copies of their notes outside of the limited access review room.  Further, no copies of any portion of the Limited Access Material may leave the room in which the Limited Access Material is inspected except as otherwise provided herein.  Further, no other written or

    electronic record of the Limited Access Material is permitted except as otherwise provided herein.

12. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "RESTRICTED -- ATTORNEYS' EYES ONLY" and/or "RESTRICTED – LIMITED ACCESS MATERIAL" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application relating to the functionality, operation, and design of methods, apparatuses, or systems relating to Active Matrix Organic Light-Emitting Diode ("AMOLED") panels, on behalf of any person or entity during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.  To avoid any doubt, "prosecution" as used in this paragraph does not include participating or assisting in challenging or defending any patents pertaining to the field of the invention of the patents-in-suit before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, *inter partes* reexamination, *inter partes* review, post-grant review, or covered business method review), provided that such participation or assistance shall not, directly or indirectly, include suggesting, proposing for substitution, drafting, or amending patent claim language.

13. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that

is designated "RESTRICTED – ATTORNEYS' EYES ONLY" and/or "RESTRICTED – LIMITED ACCESS MATERIAL," who obtains, receives, or otherwise learns the other Party's "RESTRICTED – ATTORNEYS' EYES ONLY" and/or "RESTRICTED – LIMITED ACCESS MATERIAL" material under this Order shall not participate in, or otherwise provide advice regarding, the acquisition of patents or patent applications, or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of methods, apparatuses, or systems relating to AMOLED panels, on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who participate in the evaluation for possible acquisition, or the acquisition of any patent or patent application relating to the functionality, operation, and design of methods, apparatuses, or systems relating to AMOLED panels.

14. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return

        all copies of such documents, information or other material to the producing Party, or certify in writing to the producing Party that such documents, information, or other material have been destroyed, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties, and any person associated with a Party, are hereby ORDERED to securely store all DESIGNATED MATERIAL and safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. Should any authorized person or entity store DESIGNATED MATERIAL electronically, then the person or entity shall ensure that the DESIGNATED MATERIAL is stored on a password protected server with firewalls in place to prevent any external access and hacking.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 10 and 11 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to paragraphs 6(e) and 11 of this Order); (vii) court reporters and videographers;

(viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEY' EYES ONLY."

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19. This Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not

agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. Each and any person or entity to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order. Counsel for Plaintiff will maintain a list of each and every person or entity who receives and accesses Defendants' DESIGNATED MATERIAL that includes non-public technical information, and upon reasonable request by any Defendant or associated government agency, Counsel for Plaintiff will identify the persons and entities who have received and accessed that Defendants' DESIGNATED MATERIAL that includes non-public technical information. Furthermore, outside consultants and experts shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

22. To the extent that any discovery is taken of Third Parties and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may invoke the terms of this Protective Order by advising all parties to this Action in writing.

   (a) The terms of this Order are applicable to information produced by a Third Party in this Action and designated as DESIGNATED MATERIAL. Such information produced by a Third Party in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Third Party from seeking additional protections.

(b) The Plaintiff and Defendants shall each be treated as a receiving Party with respect to any information produced by a Third Party in this Action. To the extent that a Party obtains information from a Third Party via subpoena or otherwise, the Party shall produce the information to the other Party within five (5) business days, unless the Party can demonstrate good reason why it is not possible to do so.

(c) In the event that a Party is required, by a valid discovery request, to produce a Third Party's Protected Material in its possession (other than information produced in this litigation by a Third Party), and the Party is subject to an agreement with the Third Party not to produce the Third Party's Protected Material, then the following procedures apply:

   (i) The Party shall:

      a. promptly notify in writing the requesting Party and the Third Party that some or all of the information requested is subject to a confidentiality agreement with a Third Party;

      b. promptly provide the Third Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      c. make the information requested available for inspection by the Third Party.

   (ii) If the Third Party fails to object or seek a protective order from the Court within fourteen (14) days of receiving the notice and accompanying information, the receiving party may produce the Third Party's Protected Material responsive to the discovery request. If the Third Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Third Party before a determination by the Court. Absent a Court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), with the exception of copies stored on back-up tapes or other disaster recovery media, shall at the producing Party's election either be returned to the

       producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending resolution of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _____  _____

                                          Hon. Alan D. Albright

                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., an Irish corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG DISPLAY CO., LTD., a Korean corporation; LG ELECTRONICS, INC., a Korean corporation; and SONY CORPORATION, a Japanese corporation,<br><br>Defendants. | CASE NO.  6:19-CV-00236-ADA<br><br>JURY TRIAL DEMANDED |

**EXHIBIT A**
**UNDERTAKING REGARDING**
**PROTECTIVE ORDER**

    I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this Action.  I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as "CONFIDENTIAL,"

"RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL" that is disclosed to me.

4. Promptly upon termination of this Action, I will return all documents and things designated as "CONFIDENTIAL," RESTRICTED –ATTORNEYS' EYES ONLY," or "RESTRICTED – LIMITED ACCESS MATERIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date_____