# EXHIBIT 20

# DETAILED ACTION

## *Election/Restrictions*

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.   Claims 1-17, drawn to a semiconductor device, classified in class 257, subclass 5.

II.  Claims 18-25 drawn to a method of making a semiconductor device classified in class 438, subclass 587.

Inventions I and II are related as process of making and product made. The inventions are distinct if either or both of the following can be shown: (1) that the process as claimed can be used to make another and materially different product or (2) that the product as claimed can be made by another and materially different process (MPEP § 806.05(f)). In the instant case the product can be made by a materially different process, for instance, a product can be made by a process that provides an LCD panel which contains an inorganic layer instead of an organic layer.

Restriction for examination purposes as indicated is proper because all these inventions listed in this action are independent or distinct for the reasons given above and there would be a serious search and examination burden if restriction were not required because one or more of the following reasons apply:

(a) the inventions have acquired a separate status in the art in view of their different classification;

(b) the inventions have acquired a separate status in the art due to their recognized divergent subject matter;

(c) the inventions require a different field of search (for example, searching different classes/subclasses or electronic resources, or employing different search queries);

(d) the prior art applicable to one invention would not likely be applicable to another invention;

(e) the inventions are likely to raise different non-prior art issues under 35 U.S.C. 101 and/or 35 U.S.C. 112, first paragraph.

**Applicant is advised that the reply to this requirement to be complete must include (i) an election of a invention to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected invention.**

The election of an invention may be made with or without traverse. To reserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the restriction requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable on the elected invention.

If claims are added after the election, applicant must indicate which of these claims are readable upon the elected invention.

Should applicant traverse on the ground that the inventions are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the inventions to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103(a) of the other invention.

**Furthermore, this application contains claims directed to the following patentably distinct species:**

a. Embodiment I, wherein the feed interconnections are formed from a conductive layer different from the gate, source and drains of the TFTs of the pixel electrode (description of first embodiment in paragraph [0144])

b. Embodiment II, wherein the feed interconnections are formed of Co, Au, Ni or a layered body thereof, and furthermore nothing explicitly prevents them from being formed from the same material as the pixel electrode. (description of second embodiment in paragraph [0201])

The species are independent or distinct because claims to the different species recite the mutually exclusive characteristics of such species. In addition, these species are not obvious variants of each other based on the current record.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species for prosecution on the merits to which the claims shall be restricted if no generic claim is finally held to be allowable. Currently, no claims appear to be generic.

There is an examination and search burden for these patentably distinct species due to their mutually exclusive characteristics. The species require a different field of search (e.g., searching different classes/subclasses or electronic resources, or employing different search queries); and/or the prior art applicable to one species would not likely be applicable to another species; and/or the species are likely to raise different non-prior art issues under 35 U.S.C. 101 and/or 35 U.S.C. 112, first paragraph.

**Applicant is advised that the reply to this requirement to be complete must include (i) an election of a species to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected species**, including any claims subsequently added. An argument that a claim is allowable or that all claims are generic is considered nonresponsive unless accompanied by an election.

The election of the species may be made with or without traverse. To preserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the election of species requirement, the election shall be treated as an election without traverse. Traversal must be presented at

the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable on the elected species.

Should applicant traverse on the ground that the species are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the species to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the species unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103(a) of the other species.

Upon the allowance of a generic claim, applicant will be entitled to consideration of claims to additional species which depend from or otherwise require all the limitations of an allowable generic claim as provided by 37 CFR 1.141.

## Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to SHWETA MULCARE whose telephone number is (571)270-5767. The examiner can normally be reached on Monday to Thursday 7:30 to 5:00 EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Matthew Landau can be reached on 571-272-1731. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Matthew C. Landau/
Supervisory Patent Examiner, Art Unit 4183

/S. Mulcare. /
Examiner, Art Unit 4183
Wednesday, December 24, 2008

Response to Election Requirement  
Serial No. 11/232,368

Customer NO. 01933

Attorney Docket No. <u>05621/LH</u>

**IN THE UNITED STATES PATENT  
  AND TRADEMARK OFFICE**

| | |
|---|---|
| Applicant(s): | Satoru SHIMODA, et al. |
| Serial No. : | 11/232,368 |
| Confirm. No.: | 7953 |
| Filed : | September 21, 2005 |
| For : | TRANSISTOR ARRAY SUBSTRATE AND DISPLAY PANEL |
| Art Unit : | 4182 |
| Examiner : | Dmitriy BOLOTIN |

**RESPONSE - 37 C.F.R. 1.111**

This paper is being submitted via EFS-Web on February 4, 2009

In the event that this Paper is late filed, and the necessary petition for extension of time is not filed concurrently herewith, please consider this as a Petition for the requisite extension of time, and to the extent not already paid, authorization to charge the extension fee to Account No. 06-1378. In addition, authorization is hereby given to charge any fees for which payment has not been submitted, or to credit any overpayments, to Account No. 06-1378.

Commissioner for Patents  
P.O. Box 1450  
Alexandria, VA 22313-1450

S I R :

This is responsive to the Office Action mailed January 7, 2009, the term for response to which expires on February 7, 2009.

**ELECTION I**

Applicants hereby elect Invention I, claims 1-17, drawn to a semiconductor device, for further prosecution on the merits, without traverse.

**ELECTION II**

Applicants hereby elect Species *a*, embodiment I, wherein the feed interconnections are formed from a conductive layer different from the gate, source and drains of the TFTs of the pixel electrode, for further prosecution on the merits, without traverse.

It is respectfully requested that prosecution on the merits now proceed on the basis of elections I and II set forth above.

It is respectfully submitted that this submission is fully responsive to the outstanding Office Action.

If the Examiner has any comments, questions, objections or recommendations, the Examiner is invited to telephone the undersigned at the telephone number given below for prompt action.

          Respectfully submitted,

          Douglas Holtz
          Reg. No. 33,902

Frishauf, Holtz, Goodman & Chick, P.C.
220 Fifth Avenue – 16th Floor
New York, New York 10001-7708
Tel. No. (212) 319-4900
Fax No. (212) 319-5101
February 4, 2009
DH:ad